2020R00334/AM

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. C1aire C. Cecchi |
| | : |
| | : Criminal No. 20-CR-83 |
| v. | : |
| | : |
| | : 15 U.S.C. §§ 78j(b) and 78ff |
| IVAN RAMOS | : 17 C.F.R. § 240.10b-5 |

**INFORMATION**

The Defendant having waived in open court prosecution by Indictment, the Acting United States Attorney for the District of New Jersey charges:

**COUNT ONE**
**(Securities Fraud)**

**Relevant Individuals and Entities**

1.   At all times relevant to this Information:

   a.   Defendant Ivan Ramos ("RAMOS") was a resident of Hillside, New Jersey.  RAMOS worked at New York Life Insurance Company ("New York Life") as an insurance broker in an Edison, New Jersey office.

   b.   Invexperts LLC ("Invexperts") was an entity owned by Individual-1 that purported to provide bookkeeping and tax services.  RAMOS led investors to believe that Invexperts was associated with New York Life.

   c.   Wealth Seeds Capital LLC ("Wealth Seeds") was entity owned by RAMOS.  RAMOS led investors to believe that Wealth Seeds was associated with New York Life.

## The Securities Fraud Scheme

2. From in or around January 2018 through in or around July 2020, RAMOS orchestrated a scheme to defraud individuals (the "Victim Investors") in which he promised to invest their money in Invexperts and Wealth Seeds for a profit, but instead he spent the Victim Investors' money on personal expenses, unrelated investments, and to pay back other investors.

## Goal of the Scheme

3. The goal of the scheme was for RAMOS to fraudulently induce the Victim Investors into investing money in Invexperts and Wealth Seeds by making material misrepresentations and omissions to Victim Investors concerning how their money would be invested, including that Invexperts and Wealth Seeds were associated with New York Life when they were not, and then misappropriating the Victim Investors' money for his own personal use.

## Manner and Means of the Scheme to Defraud

4. It was part of the scheme to defraud that:

   a. RAMOS, who worked at New York Life selling life insurance, sought out inexperienced investors seeking low-risk investments.

   b. The Victim Investors met RAMOS after purchasing life insurance from New York Life through him, or through New York Life marketing events, or through mutual acquaintances.

   c. RAMOS led Victim Investors to believe, through misrepresentations and omissions, that Invexperts and Wealth Seeds were associated with New York Life when they were not. The Victim Investors

2

believed that their money entrusted to RAMOS was placed in investments through New York Life, and accordingly multiple Victim Investors referenced New York Life on the memo line of their checks tendered to RAMOS. One investor, for example, attended a New York Life seminar, then subsequently met with RAMOS at his New York Life office in Edison, and ultimately invested in Invexperts believing it was associated with New York Life.

    d.    RAMOS told Victim Investors that their investments in Invexperts and Wealth Seeds were no-risk with fixed annual returns when in reality they were not.

    e.    Instead of investing their money as he promised he would, RAMOS used the Victim Investors' funds for purposes not disclosed to the Victim Investors, including, among other things, to pay for personal expenses for RAMOS and others, to develop a restaurant called "Frisky Bull Barbeque" in Elizabeth, New Jersey, and to repay other investors.

    5.    From in or around January 2018 through in or around July 2020, in the District of New Jersey and elsewhere, defendant

**IVAN RAMOS**

willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, the mails and facilities of national securities exchanges, in connection with the purchase and sale of securities, used and employed manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by (a) employing devices, schemes and artifices to defraud; (b) making untrue

statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, RAMOS engaged in a scheme to commit securities fraud regarding investor interests in Invexperts and Wealth Seeds.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATIONS

1. As the result of committing the offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), as alleged in Count One of this Information, defendant IVAN RAMOS shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the said securities fraud offense, and all property traceable thereto.

## SUBSTITUTE ASSETS PROVISION

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

RACHAEL A. HONIG
Acting United States Attorney